UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-53 |
| | ) | |
| RAYNARD DAVIS, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

 This case is before the Court on three *pro se* motions by Defendant Raynard Davis:

(1) Motion to File Notice of Appeal Nunc Pro Tunc to: May 10, 2011 [Doc. 385], filed on January

26, 2012, and referred [Doc. 386] to the undersigned on February 2, 2012; (2) motion to appoint

counsel [Doc. 388],[1] filed on February 27, 2012, and referred [Doc. 393] on March 12, 2012; and

Motion to Proceed In Forma Pauperis [Doc. 389], also filed on February 27 and referred on March

12, 2012.  Defendant Davis asks the Court to permit his untimely direct appeal of his case, to allow

him to appeal without payment of fees or costs, and to appoint counsel to represent him on appeal.

 By way of background, the Court observes that the Defendant was indicted [Doc. 3]

in April 2010 for conspiracy to distribute and possess with intent to distribute cocaine.  In June 2010,

a Superseding Indictment [Doc. 6] added a charge of conspiracy to commit money laundering with

---

 [1]Document 388 is actually a letter to the Court explaining the filing of the Motion to
Proceed In Forma Pauperis [Doc. 389] and asking in a postscript that the Court appoint counsel
for him for his appeal.  This letter was docketed as a motion to appoint counsel.

1

regard to Defendant Davis.[2]  The Defendant had his initial appearance and arraignment on July 28,

2010, at which time the Court appointed [Doc. 133] Attorney Stephen G. Shope to represent him.

On August 20, 2010, District Judge Varlan substituted [Doc. 162] Defendant's retained counsel

Attorney Robert A. Ratliff.  Defendant Davis entered a change of plea on September 28, 2010, and

was sentenced on May 5, 2011.  The minutes from the sentencing hearing [Doc. 289] do not indicate

that the Defendant expressed an intention to appeal.  The Judgment [Doc. 296] of conviction

imposed a total term of imprisonment of 282 months.

On August 31, 2011, two letters [Docs. 357 and 358] from Defendant Davis were

filed in the record.  In these letters, the Defendant states that he mailed a handwritten notice of appeal

from the Blount County Jail on May 10, 2011, and requests information pertaining to his appeal and

the grand jury transcripts for each of the indictments in his case.  The Defendant relates [Doc. 358]

> I recently arrived to my permanent Bureau of Prison designated
> facility and have never received any mail from you during the period
> I was in transit since May, 2011, regarding information pertaining to
> my Appeal.  I have received no Docketing Information, or other
> information of any kind, and I fear it is lost due to my changing
> detention locations during my transit to the Federal Correctional
> Institute (Low) at Lompoc, CA.

On September 7, 2011, the Clerk of Court responded [Doc. 359] to Defendant Davis, by letter,

informing him of the cost of copies, the number of total pages of all indictments in his case, and that

the grand jury transcripts are not a part of the court record.  The letter states that "[a]ny information

that you need regarding your appeal needs to be addressed to the Sixth Circuit Court of Appeals[.]"

On January 26, 2012, the Clerk of Court docketed a handwritten Notice of Appeal

[Doc. 384], dated May 5, 2011.  Attached to the Notice is a document entitled "Proof of Service,"

--------

[2]A Second Superseding Indictment [Doc. 107] did not add charges for Defendant Davis.

stating that the Defendant delivered a Motion to File Appeal, Nunc Pro Tunc, to prison authorities at FCI Lompoc on January 10, 2012. Also attached to the Notice is a letter from the Defendant dated December 30, 2011, stating that the defendant had previously sent a notice of appeal to the Court; that on August 25, 2011, he wrote to the Court requesting information about his appeal; and that on September 7, 2011, he received correspondence from the Court, which did not contain information on his appeal or reference his notice of appeal. The Defendant's letter states that "[i]f for any reason your Office did not receive the original Notice of Appeal, I ask that you file the enclosed DUPLICATE ORIGINAL NOTICE OF APPEAL with the Court, Nunc Pro Tunc to the original Notice of Appeal Mailing Date above."

Also filed on January 26, 2012, is the instant *pro se* Motion to File Notice of Appeal Nunc Pro Tunc to: May 10, 2011 [Doc. 385]. In this motion, the Defendant states that following his May 5, 2011 sentencing hearing, his attorney Robert Ratliff, Sr., was to have filed a notice of appeal for him. The Defendant states that when he did not hear from Attorney Ratliff for five days after the sentencing hearing, he prepared a handwritten *pro se* notice of appeal; placed it in a a First Class envelope addressed to the Court with the postage prepaid; and placed the envelope with the Blount County Jail authorities for mailing. The Defendant states that after mailing the notice of appeal, he was transported to federal prison. The Defendant states that upon his arrival at FCI Lompac, he waited for a docketing order and briefing schedule relating to his appeal to catch up with him. When neither arrived, the Defendant stated that he wrote to the Court requesting information on his appeal. The Defendant now argues that he should be deemed to have filed his notice of appeal timely because he placed his handwritten notice of appeal in the Blount County Jail's designated area for all outgoing and legal mail on the fifth day after his sentencing hearing.

On February 19, 2012, the Defendant again wrote [Doc. 388] to the Court stating that on February 17, 2012, he received a letter from his case manager at the Sixth Circuit Court of Appeals, dated February 1 and stating that he must either pay a filing fee or file a motion to proceed in forma pauperis in the district court by February 2, 2012. The Defendant's letter asks the Court to accept his Motion to Proceed In Forma Pauperis as timely filed and asks the Court, in a postscript, to appoint counsel for his appeal.

*(1) Notice of Appeal*

The Rules of Appellate Procedure require that a notice of appeal in a criminal case be filed within fourteen days of the entry of the judgment. Fed. R. App. P. 4(b)(A)(i). In the instant case, the Judgment was entered on May 12, 2011, so the Defendant should have filed a notice of appeal by May 26, 2011. The Defendant contends that he mailed a handwritten notice of appeal on May 10, 2011. Rule of Appellate Procedure 4(c) provides the following with regard to inmates in custody:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, then the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Title 28, § 1746 states, in pertinent part, that

> [w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement,

4

oath, or affidavit, in writing of the person making the same . . ., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

. . . .

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)"

In the instant case, the duplicate Notice of Appeal [Doc. 384] provided by the Defendant states "[i]n witness whereof, I declare under penalty of perjury under the laws of the State of Tennessee and the United States of America, that the foregoing statements are true and correct. Date: May10, 2011" The document is also signed by the Defendant. The Court finds this statement complies with 28 U.S.C. § 1746.

The Court is aware that the Defendant could have created the "duplicate" notice in order to support his present motion. However, the Court finds that the August 2011 letters [Docs. 357 and 358] to the Clerk of Court belie this conclusion. In both of these letters, the Defendant states that he sent a handwritten Notice of Appeal from the Blount County Jail on May 10, 2011. One of these letters [Doc. 358] states that after a lengthy transport from Blount County Jail to FCI Lompoc in California, he waited for information from the Court on his appeal and a briefing schedule to catch up with him. When no such information came, the Defendant wrote the Clerk of Court, fearing that the information from the Court had been lost because he had changed facilities in which he was detained during his transport to FCI Lompoc. The responding letter [Doc. 359]

5

from the Clerk of Court does not inform the Defendant that no notice of appeal has been filed in this case but, instead, informs him that he will need to address a request for information he needs "regarding your appeal" to the appellate court. The Court finds that the Defendant's August 2011 letters support his contention that he placed a handwritten notice of appeal in the outgoing legal mail at Blount County Jail on May 10, 2011.

The Court finds that the Defendant has carried his burden of proving that he placed a *pro se* notice of appeal in the outgoing legal mail at the Blount County Jail, where he was detained, on May 10, 2011. The Defendant has filed with the Court a Duplicate Original Notice of Appeal [Doc. 384] that contains the required declaration pursuant to 28 U.S.C. § 1746 and states that first-class postage was paid. Moreover, the Defendant's letters to the Clerk of Court approximately three months after he placed the notice of appeal in the mail mention the notice of appeal mailed on May 10, 2011, and assume that the Court has received it. Additionally, it appears that the Court of Appeals for the Sixth Circuit has begun to act on the Defendant's appeal, perhaps based upon the improvidently docketed[3] duplicate Notice of Appeal [Doc. 384]. The Court finds that based upon the information before it, the Defendant's appeal should not be summarily dismissed for a failure to comply with the filing deadline. Accordingly, the Court recommends that the Defendant's Motion to File Notice of Appeal Nunc Pro Tunc to: May 10, 2011 [Doc. 385] be granted and that the Defendant's Notice of Appeal [Doc. 384] be filed *nunc pro tunc* to May 10, 2011.

---

[3]The Court finds that this duplicate notice probably should have been docketed as an exhibit to the defendant's Motion to File Notice of Appeal Nunc Pro Tunc to: May 10, 2011 [Doc. 385], rather than as a separate document, in light of the fact that the Motion to File had yet to be decided.

6

*(2) In Forma Pauperis*

The Defendant asks the Court to permit him to proceed on appeal without payment of fees or costs due to his indigency. Attached to his motion, the Defendant has provided a financial affidavit stating his income, assets, debts, and expenses. The Defendant declares the information in his financial affidavit to be true upon penalty of perjury.

Federal Rule of Appellate Procedure 24 (a)(1) requires that parties seeking to proceed in forma pauperis must file a motion in the district court with an attached affidavit that

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Court finds that the Defendant's affidavit conforms to the detail required by the appellate rules. In his *pro se* Notice of Appeal [Doc. 384], the Defendant states that he is appealing his conviction, judgment, and sentence. In his Motion to Proceed In Forma Pauperis [Doc. 389], the Defendant states he is appealing a sentencing error. The information provided satisfies the requirements of Rule 24(a)(1), and the Court finds that the Defendant qualifies to pursue his appeal in forma pauperis. Thus, the Court recommends that the Defendant's Motion to Proceed In Forma Pauperis [Doc. 389] be granted.

*(3) Appointment of Counsel*

Finally, the Defendant moves [Doc. 388] the Court to appoint counsel to represent him on appeal. The substitution of an attorney during the appeal of the case is a matter reserved for

the appellate court: The Rules for the Court of Appeals for the Sixth Circuit state that "[t]rial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by the Court." 6th Cir. R. 101(a). Retained counsel Attorney Robert Ratliff represented the Defendant from the time of his substitution as counsel of record on August 20, 2010, through the Defendant's sentencing hearing on May 5, 2011. Nothing in the record indicates that Mr. Ratliff has been given leave to withdraw, as is generally required by Local Rule 83.4(e) and (f). Accordingly, pursuant to the Sixth Circuit Rules, now that the Defendant has filed a Notice of Appeal, Mr. Ratliff would remains the Defendant's counsel on appeal unless and until permitted to withdraw by the appellate court. U.S. Ct. of App. 6th Cir. R. 101(a).

The Court finds that the substitution of counsel is a matter that the Defendant must pursue with the appellate court. However, based upon the Defendant's financial affidavit, the Court finds that the Defendant qualifies for appointed counsel, if the appellate court determines that the substitution of counsel is appropriate. Accordingly, the Court recommends that Defendant's *pro se* request [Doc. 388] for the appointment of counsel be denied as moot, because the Sixth Circuit Rules require that the Defendant's trial counsel represent him on appeal and, thus, Defendant presently has counsel for his appeal.

## CONCLUSION

Based upon the Defendant's filings and the record as a whole, the Court respectfully **RECOMMENDS** that Defendant's Motion to File Notice of Appeal Nunc Pro Tunc to: May 10, 2011 [**Doc. 385**] be granted and the Defendant's Notice of Appeal [**Doc. 384**] be filed *nunc pro tunc*

8

to May 10, 2011. The Court also **RECOMMENDS** that the Defendant's Motion to Proceed In Forma Pauperis [**Doc. 389**] be granted and that the Defendant be permitted to proceed on appeal without payment of fees or costs. Finally, the Court **RECOMMENDS** that the Defendant's *pro se* request [**Doc. 388**] for the appointment of counsel be denied as moot.[4] The Court **DIRECTS** the Clerk of Court to mail a copy of this Report and Recommendation to the Defendant, at the address listed on his letter [Doc. 388] requesting counsel and to Attorney Robert A. Ratliff, at the address listed in his request [Doc. 152] to appear *pro hace vice* in this case.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see  United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).